IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MAURICE DARBY | : | CIVIL ACTION |
| | : | NO. 15-4207 |
| v. | : | |
| | : | |
| TEMPLE UNIVERSITY | : | |

O'NEILL, J.                                                         October 24, 2016

## MEMORANDUM

This employment discrimination case revolves around three incidents and Temple University's responses to them:  in the first two incidents, Muslim employees allegedly victimized plaintiff, Maurice Darby, a Baptist, and defendant did not take action against them. In the third, one of those employees allegedly reported to defendant, Temple University, that plaintiff had threatened him and defendant then fired plaintiff.  The issue is whether these factual allegations plausibly make out plaintiff's various claims of employment discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., discrimination and retaliation under the Philadelphia Fair Practices Ordinance (PFPO), Phila. Code, § 9-1101, et seq., and retaliation under the Family and Medical Leave Act (FMLA), 29 U.S.C. § 2601, et seq.  Dkt. No. 10.

I dismissed plaintiff's first complaint in response to defendant's motion, Dkt. No. 8, and plaintiff filed an amended complaint, Dkt. No. 10.  Now before me are defendant's second motion to dismiss, Dkt. No. 11, and plaintiff's response.  Dkt. No. 12.  I will grant defendant's motion in part and dismiss plaintiff's claims of retaliation under Title VII and the PFPO because plaintiff has not added allegations to support these claims.  I will deny defendant's motion in all other respects because I find plaintiff has alleged sufficient facts to plausibly make out his claims of employment discrimination and FMLA retaliation.

**BACKGROUND**

Plaintiff alleges the following facts in his amended complaint:

Plaintiff, Maurice Darby, worked for defendant Temple University for over twenty-five years, most recently as a housekeeper.  Dkt. No. 10 at ¶ 5.  He is a Baptist, a fact that he makes public by wearing a cross around his neck, openly talking with his coworkers about his plans to attend church services on Sundays, reading the bible on his smartphone during work breaks, listening to gospel music on his headphones while working and attending church services with his former supervisor's brother.  Id. at ¶ 6-8.  Plaintiff's allegations address three incidents involving confrontations with two of his Muslim coworkers.

In the first incident, plaintiff claims his coworker, Charles Wilson, who goes by the Muslim name Raheim, threatened him during a union meeting and "had to be physically restrained . . . from striking [p]laintiff" by plaintiff's supervisor.  Id. at ¶ 11.  Defendant took no action against Raheim based on this misconduct.  Id. at ¶ 12.

The second incident involves an allegation that another employee inappropriately touched plaintiff in the locker room.  David Chesney, who goes by the Muslim name Duwd, "sidled up to [p]laintiff and placed his hand on [p]laintiff's left buttock" while the two were on break, then "ran out of the locker room laughing."  Id. at ¶¶ 13, 14.  Bill Jalbert, a supervisor, witnessed this. Id. at ¶ 13.  Plaintiff reported the incident to defendant's Vice President of Labor Relations and to his Union Representative.  Id. at ¶¶ 15, 17.  He met with Temple's human resources department a few days later.  Temple ultimately closed plaintiff's case without taking action against Chesney.  Id. at ¶ 18, 37.

Plaintiff alleges Chesney's touching caused him serious trauma:  he was taken to the emergency room five days after the incident "due to his ongoing mental distress."  Id. at ¶ 16.

He was treated for depression, anxiety, insomnia, high blood pressure and heart palpitations.  Id. at ¶¶ 20-21.  He claims he was eventually diagnosed with Post-Traumatic Stress Disorder and Major Depressive Disorder.  Id. at ¶ 29.

As a result of his medical condition, plaintiff received a grant of FMLA leave from March 18, 2014, five days after the incident, until May 1, 2014.  Id. at ¶¶ 27.  Defendant approved this request on April 17 and then on May 1 approved an extension of his leave until May 20.  Id. at ¶¶ 27, 28.  Throughout this period, Temple's human resources employees and plaintiff's supervisor "always questioned" plaintiff about "when he would be returning to work" and occasionally "intimated to [p]laintiff that his FMLA leave was soon to expire, and he needed to return to work immediately."  Id. at ¶¶ 25, 26.  On May 28, plaintiff's doctor recommended an extension of plaintiff's leave until June 8 due to his diagnoses of PTSD and depression.  Id. at ¶ 29.  On May 29, defendant sent plaintiff a letter terminating his employment.  Id. at ¶ 36.

The third incident around which this litigation revolves is defendant's firing of plaintiff. On May 5, 2014, while he was on FMLA leave, plaintiff ran into Chesney on or near Temple campus.  Id. at ¶ 31.  Plaintiff "questioned Chesney" about the March 13 locker room incident but Chesney made no response.  Id. at ¶¶ 30, 31.  Chesney then "falsely claimed to Temple that [p]laintiff had threatened him."  Id. at ¶¶ 32.  On May 9, defendant closed plaintiff's complaint against Chesney.  Id. at ¶ 34.  It had been open for fifty-four days.  Id. at ¶ 33, 34.

On May 20, defendant notified plaintiff that on May 27 it would review Chesney's complaint against him.  Id. at ¶ 35.  Defendant then sent plaintiff the May 29th termination letter two days following the review.  The letter informed plaintiff that "[h]e had violated the Temple University Rules of Conduct due to threatening behavior or causing disturbance, and harassment or unwelcome behavior."  Id. at ¶ 36.  In the two days between the review and plaintiff's receipt

of the termination letter, plaintiff's doctor had recommended the extension of his FMLA leave.
Id. at ¶ 29.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss all or part of an action
for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).
Typically, "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed
factual allegations," though plaintiff's obligation to state the grounds of entitlement to relief
"requires more than labels and conclusions, and a formulaic recitation of the elements of a cause
of action will not do."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  "Factual
allegations must be enough to raise a right to relief above the speculative level . . . on the
assumption that all of the allegations in the complaint are true (even if doubtful in fact)."  Id.
(citations omitted).  A well-pleaded complaint may not be dismissed simply because "it strikes a
savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and
unlikely." Id. at 556.  However, a complaint must provide "enough fact[s] to raise a reasonable
expectation that discovery will reveal evidence of" the necessary element.  Id. at 556.  The Court
of Appeals has made clear that after Ashcroft v. Iqbal, 556 U.S. 662 (2009), "conclusory or
'bare-bones' allegations will no longer survive a motion to dismiss: 'threadbare recitals of the
elements of a cause of action, supported by mere conclusory statements, do not suffice.'  To
prevent dismissal, all civil complaints must now set out 'sufficient factual matter' to show that
the claim is facially plausible."  Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009),
quoting Iqbal, 556 U.S. at 678.  The Court also set forth a two part-analysis for reviewing
motions to dismiss in light of Twombly and Iqbal:

> First, the factual and legal elements of a claim should be separated.
> The District Court must accept all of the complaint's well-pleaded

4

facts as true, but may disregard any legal conclusions.  Second, a
District Court must then determine whether the facts alleged in the
complaint are sufficient to show that the plaintiff has a "plausible
claim for relief."

Id. at 210-11, quoting Iqbal, 556 U.S. at 679.

## DISCUSSION

### I.   Title VII Claims

Plaintiff brings two claims under Title VII: one for discrimination based on his religion
and the other for retaliation for making a complaint about religious discrimination in the
workplace.  I will deny defendant's motion to dismiss with respect to the first Title VII claim and
grant the motion to dismiss with respect to the second.

####        A.      Discrimination Based on Religion

Plaintiff claims that defendant violated Title VII by terminating him because of his
religion.  To state a claim under Title VII for employment discrimination, plaintiff must allege
that:  (1) he is a member of a protected class; (2) he was qualified for the position he held; (3) he
suffered an adverse employment action; and (4) the adverse employment action occurred under
circumstances that give rise to an inference of discrimination.  McDonnell Douglas Corp. v.
Green, 411 U.S. 792, 802 (1973).  Plaintiff need not convince the court of any of these elements
at the motion to dismiss stage, but must submit more than "the naked assertion that he was
discharged because" of his membership in a protected class.  Santos v. Iron Mountain Film &
Sound, 593 F. App'x 117, 119 (3d Cir. 2014) (granting defendant's motion to dismiss).

As in its first motion, defendant again contends that plaintiff has failed to plead facts that
could give rise to an inference of discrimination.  Dkt. No. 11 at ECF p. 6-8.  In dismissing
plaintiff's first complaint, I held plaintiff failed to allege defendant was aware of his religious
beliefs and provided inadequate comparator evidence suggesting he may have been treated

differently because of his religion.  Dkt. No. 8 at ECF p. 5–6.  Plaintiff's amended complaint sufficiently alleges facts from which one could plausibly infer religious discrimination. Therefore, I will deny defendant's motion to dismiss plaintiff's Title VII religious discrimination claim.

### 1.      Employer's Knowledge

Plaintiff's allegations establish a plausible inference that Temple's decisionmakers were aware of plaintiff's religion.  To state a claim for religious discrimination, "employees [must have] informed their employers of their religious beliefs prior to the alleged discriminatory action" because, unlike other bases of discrimination claims like race or gender, an "employee's religion . . . is often unknown to the employer."  Morrison v. Access Services, Inc., No. 14-4685, 2014 WL 5286604, at *4 (E.D. Pa. Oct. 15, 2014), quoting Geraci v. Moody-Tottrup, Int'l, Inc., 82 F.3d 578, 581 (3d Cir. 1996) (affirming grant of summary judgment for defendant employer). At the motion to dismiss stage, plaintiff's allegations must "raise a reasonable expectation that discovery will reveal evidence" that defendant knew about plaintiff's protected status. Twombly, 550 U.S. at 556.  The inference of knowledge from the allegations must be "plausible." Iqbal, 556 U.S. at 679.

Unlike his first complaint, plaintiff's amended complaint alleges he was open about his religion at work by wearing a cross, mentioning his church attendance to coworkers, reading the Bible on his smartphone and attending church with his former supervisor's brother.  Although plaintiff does not allege that those who reviewed plaintiff's conduct on May 27 and decided to terminate him knew he was Baptist, the facts he alleges "raise a reasonable expectation that discovery will reveal evidence" that these decisionmakers were aware of plaintiff's religion. Twombly, 550 U.S. at 556.

### 2.        Inference of Discrimination

To withstand defendant's motion, in addition to alleging defendant's knowledge, plaintiff must allege facts that give rise to a plausible inference of discrimination based on that knowledge.  Plaintiff sufficiently alleges discrimination by providing comparator evidence that defendant dismissed him, a Baptist, based on alleged threats while defendant did nothing to discipline Charles Wilson, a Muslim, for similar conduct.

Discrimination may be inferred based on comparator evidence—evidence that defendant treated "similarly situated" individuals not within plaintiff's protected class more favorably than it treated plaintiff.  See Wilcher v. Postmaster Gen., 441 F. App'x 879, 881 (3d Cir. 2011).  In assessing similarity, relevant factors include:  "the employees' job responsibilities, the supervisors and decision-makers, and the nature of the misconduct . . . ."  Id. at 882, citing Lee v. Kansas City S. Ry. Co., 574 F.3d 253, 260 (5th Cir. 2009) and Burks v. Wis. Dep't of Transp., 464 F.3d 744, 751 (7th Cir. 2006).  The nature of the instances of misconduct must be of "comparable seriousness."  Opsatnik v. Norfolk S. Corp., 335 F. App'x 220, 223 (3d Cir. 2009) (internal citations omitted) ("While 'similarly situated' does not mean identically situated, the plaintiff must nevertheless be similar in 'all relevant respects.'"), quoting Holifield v. Reno, 115 F.3d 1555, 1562 (11th Cir. 1997); see also Golod v. Bank of Am. Corp., 403 F. App'x 699, 702 (3d Cir. 2010) (dismissing complaint where plaintiff "did not provide any characteristics of those individuals who received the promotions to which she alleges she was entitled").

For the purposes of a motion to dismiss, I assume that all of plaintiff's allegations are true, even if doubtful in fact.  Twombly, 550 U.S. at 555.  Allegations should not be rejected "on the ground that they are unrealistic"; rather, they should be rejected if they are "conclusory."  Iqbal, 556 U.S. at 681.  I am mindful that, in the employment context, "only rarely will a plaintiff

have direct evidence of discrimination." <u>Geraci</u>, 82 F. 3d at 581 (explaining the reason for the

<u>McDonnell Douglas-Burdine</u> burden-shifting framework).

Plaintiff provides concrete factual allegations from which discrimination can be inferred

at this stage.  Plaintiff and Charles Wilson were similarly situated in that both were accused of

threatening coworkers while each was employed by defendant as a housekeeper.  Plaintiff alleges

Wilson, a Muslim, was not disciplined while plaintiff, a Baptist, was fired.  This comparator

evidence is sufficient to allege facts that plausibly give rise to an inference of discrimination

based on religion.

### B.    Retaliation

Plaintiff claims that defendant violated Title VII by retaliating against him for opposing

unlawful discrimination.  To state a claim under Title VII for retaliation, plaintiff must allege

that:  (1) he engaged in activity protected by Title VII; (2) his employer took an adverse

employment action against him; and (3) there was a causal connection between his participation

in the protected activity and the adverse employment action.  <u>Moore v. City of Phila.</u>, 461 F.3d

331, 340-41 (3d Cir. 2006) (citation omitted).  Title VII protects the right to complain about

unlawful discrimination:  "[p]rotected activity under Title VII includes opposition to unlawful

discrimination under Title VII" when the employee has "an 'objectively reasonable' belief that

the activity s/he opposes constitutes unlawful discrimination under Title VII."  <u>Wilkerson v. New</u>

<u>Media Tech. Charter Sch., Inc.</u>, 522 F.3d 315, 322 (3d Cir. 2008), <u>citing</u> <u>Moore</u>, 461 F.3d at 341.

I dismissed plaintiff's first complaint on the basis that he failed to allege that he had

engaged in a "protected activity" because he did not show that his complaint about Chesney's

touching him was actually a complaint about religious discrimination.  Dkt. No. 8 at ECF p. 7.

Plaintiff includes no additional facts in his amended complaint to bolster this claim and therefore

I will again grant defendant's motion to dismiss it.  Because amendment would be futile, I will not grant leave to amend.  Arthur v. Maersk, Inc., 434 F.3d 196, 204 (3d Cir. 2006) ("When a party fails to take advantage of previous opportunities to amend, without adequate explanation, leave to amend is properly denied.").

## II.    PFPO Claims

Relatedly, plaintiff claims defendant violated the Philadelphia Fair Practices Ordinance (PFPO) by discriminating against him on the basis of sex and religion and by retaliating against him for opposing unlawful discrimination or because of his disability.  PFPO claims are generally evaluated under the same legal framework as Title VII claims.  See Hong v. Temple University, No. 98-4899, 2000 WL 694764, at *9 (E.D. Pa. May 30, 2000).  For the same reasons that I find plaintiff has sufficiently alleged a claim for discrimination under Title VII, I find that he has sufficiently alleged a claim under the PFPO for discrimination based on his religion.  Similarly, for the same reason that he has not sufficiently alleged retaliation under Title VII, he has not shown it under the PFPO.  I will dismiss plaintiff's PFPO claim of retaliation.

## III.    FMLA Retaliation

Plaintiff claims that defendant violated the Family and Medical Leave Act (FMLA) by terminating him for taking FMLA leave.  To state a claim for FMLA retaliation, plaintiff must allege that:  (1) he took FMLA leave; (2) he suffered an adverse employment decision; and (3) the adverse employment decision was causally related to the leave.  Greineder v. Masonic Homes of the R.W. Grand Lodge, F & AM of Pa., No. 13-2376, 2014 WL 1632143, at *5 (E.D. Pa. Apr. 23, 2014), citing Conoshenti v. Pub. Serv. Elec. & Gas Co., 364 F.3d 135, 146 (3d. Cir. 2004).  Causation may be inferred if there is temporal proximity between a request for FMLA leave and an adverse employment decision.  Greineder, 2014 WL 1632143, at *5, citing William

Paterson College of N.J., 260 F.3d 265, 288 (3d Cir. 2001).  At the pleading stage, plaintiff's allegations must create a plausible inference that the termination was because of his leave as compared to any "obvious alternative explanation."  Twombly, 550 U.S. at 682; Iqbal, 556 U.S. at 682.  Plaintiff's amended complaint plausibly alleges retaliation because he was fired immediately after requesting an extension of his FMLA leave.

Plaintiff argues that defendant's firing him the day after his doctor sent a recommendation for an extension of his FMLA leave gives rise to a plausible inference of retaliation.  Both of defendant's arguments against drawing the inference that plaintiff's termination was causally related to his request to extend his leave are unpersuasive:  first, defendant argues it demonstrated willingness to allow plaintiff to take FMLA leave by approving plaintiff's leave twice before.  But it is plausible that defendant lost patience with the third request.  Second, defendant argues there is an obvious alternative explanation for plaintiff's termination:  plaintiff was fired because defendant believed Chesney's story that plaintiff threatened him.  But plaintiff argues the review of Chesney's complaint about threats was a pretense for defendant's firing plaintiff.  He alleges that Charles Wilson, who also made threats, was not fired, and the difference between plaintiff and Wilson was that plaintiff was requesting an extension of his FMLA leave.  These allegations make plaintiff's FMLA retaliation claim sufficiently plausible to survive defendant's motion to dismiss.

An appropriate Order follows.